STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
March 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

SANDRA D. SINES, WIDOW OF
JIMMIE DENNIS SINES
Claimant Below, Petitioner

vs.)    No. 12-1234 (BOR Appeal No. 2047030)
                    (Claim No. 2010135591)

WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER
Commissioner Below, Respondent

and

JAL COAL COMPANY, INC.,
Employer Below, Respondent

MEMORANDUM DECISION

Petitioner Sandra D. Sines, widow of Jimmie Dennis Sines, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mark A. Bramble, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a March 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 30, 2010, decision which rejected the claim for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sines, a coal miner, developed occupational pneumoconiosis in the course of his employment. He was granted a total award of 50% permanent partial disability in his lifetime. He was also awarded permanent total disability benefits in 1994. Unfortunately, Mr. Sines developed lung cancer toward the end of his life. By the time it was discovered, the disease had already progressed to stage IV and had metastasized to his brain, stomach, and liver. Charles Beall, M.D.,'s March 11, 2010, treatment note indicates that the decedent was not a candidate for surgery or radiation therapy. Dr. Beall offered the option of chemotherapy to treat some of the symptoms with the understanding that it would not cure the cancer. Mr. Sines chose to forego chemotherapy and instead enrolled in a hospice program. He passed away on May 12, 2010, at the age of sixty-eight. His cause of death was determined to be lung cancer and coronary artery disease. Mr. Sines's widow's application for dependent's benefits was rejected by the claims administrator on November 30, 2010.

The Occupational Pneumoconiosis Board reviewed Mr. Sines's case and determined that occupational pneumoconiosis was not a material, contributing factor in his death. In a letter dated April 20, 2011, Frank Scattaregia, M.D., disagreed. He opined that occupational pneumoconiosis played a part in Mr. Sines's death by preventing him from undergoing aggressive treatment of his lung cancer. Gregory Fino, M.D., agreed with the Occupational Pneumoconiosis Board in his August 19, 2011, letter. He noted that Mr. Sines was diagnosed with lung cancer that had unfortunately metastasized to his brain. He also suffered from ischemic heart disease and stomach cancer. Dr. Fino found that given Mr. Sines's condition, there was no aggressive treatment available. He determined that chemotherapy would not have prolonged his life, and therapy was withheld for no other reason. Dr. Fino concluded that occupational pneumoconiosis played no role in Mr. Sines's death as his lung cancer was caused by cigarette smoking.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on January 18, 2012. Jack Kinder, M.D., opined that Mr. Sines died as the result of metastatic cigarette-caused lung cancer. Occupational pneumoconiosis was determined to have played no role in his death. Dr. Kinder reiterated that Mr. Sines was diagnosed with lung cancer that had metastasized to his brain, stomach, and liver by the time it was discovered. He received radiation treatment but declined chemotherapy. It was Dr. Kinder's opinion that Dr. Scattaregia was incorrect. Mr. Sines did not undergo aggressive therapy, because there was no therapy available to treat his condition. Bradley Henry, M.D., and John Willis, M.D., also of the Occupational Pneumoconiosis Board, concurred with Dr. Kinder's testimony.

The Office of Judges affirmed the claims administrator's rejection of the claim in its March 21, 2012, Order. It found that a preponderance of the evidence showed that occupational pneumoconiosis did not play a material, contributing role in Mr. Sines's death. The opinion of the Occupational Pneumoconiosis Board that he died as the result of metastatic cigarette-caused lung cancer was determined to be persuasive. Dr. Fino's opinion, that the cancer was so advanced when it was discovered that no aggressive therapy could have been provided, was also found to be persuasive, because it was reflected in Mr. Sines's treatment records. It was

2

determined that Dr. Scattaregia's opinion was less persuasive due to the advanced stage of the cancer at the time it was discovered and Dr. Beall's March 11, 2010, medical report which revealed that Mr. Sines declined chemotherapy.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 21, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The standard for granting dependents' benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. *Bradford v. Workers' Compensation Commissioner*, 185 W.Va. 434, 408 S.E.2d 13 (1991). The evidentiary record indicates that Mr. Sines died as a result of metastatic cigarette-caused lung cancer. By the time the disease was discovered, it was so far advanced that there was no treatment available. Occupational pneumoconiosis did not contribute in any material degree to Mr. Sines's death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II